# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BLAINE HARRINGTON III**     **PLAINTIFF**

v.     **CAUSE NO. 1:18CV154-LG-RHW**

**PREMIER GOLF GROUP, LLC, and**
**MITCHELL CRUM**     **DEFENDANTS**

## ADVISORY REGARDING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is the [17] Plaintiff's Motion for Entry of Final Judgment by Default. Plaintiff Blaine Harrington III asserts he is entitled to statutory damages due to the defendants' violation of United States copyright law, 17 U.S.C. § 106. Summonses were issued on May 4, 2018, and each defendant was served on June 5, 2018. Neither defendant has answered or otherwise responded to the Complaint. The Clerk's Entry of Default occurred on September 5, 2018. The plaintiff now seeks statutory damages of $15,000, plus an injunction preventing the defendants from further violating copyright law.

A court's award of damages must be determined after a hearing, unless the amount claimed can be demonstrated by detailed affidavits establishing the necessary facts. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court is authorized by copyright law to make an award for all of the defendants' infringements of one work "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiff's attorney states in his affidavit that the $15,000 sought as statutory damages is twenty times the $750 minimum of the range, without an explanation for the multiplier chosen. (Deal Dec.

2, ECF No. 20.) The plaintiff's affidavit provides examples of his invoices and states that his copyrighted photo was posted "to multiple URLs" on a website owned by the defendants. (Harrington Dec. 2, ECF No. 19.) The plaintiff's invoices are not for uniform amounts, making it unclear what the license fee for the infringed photo would have been.

The Court finds the factual content of the affidavits inadequate to allow it to make an award of damages without a hearing. Statutory damages are often awarded in an amount that is "three to five times the licensing fee owed by the defendant," but this figure cannot be determined from what has been provided. *See Broadcast Music, Inc. v. Steele's Rest., Inc.*, No. 1:16cv155-SA-RP, 2017 WL 1968669, at *2 (N.D. Miss. May 11, 2017). The plaintiff's Motion will therefore be held in abeyance until the plaintiff either 1) schedules a default judgment damages hearing; or 2) submits detailed factual affidavits supporting the amount of damages requested.

**SO ORDERED AND ADJUDGED** this the 12th day of March 2019.

s/ *Louis Guirola, Jr.*
U.S. District Judge